# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| DANIEL MELLINGER, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 0:06-3441-RBH-BM |
| ) | |
| v. ) | |
| ) | |
| MR. BAUKNECHT, WARDEN, ) | **REPORT AND RECOMMENDATION** |
| WILLIAMSBURG F.C.I. AND ) | |
| UNITED STATES PAROLE ) | |
| COMMISSION, ) | |
| ) | |
| Respondents. ) | |
| _____) | |

This action has been filed by the Petitioner, pro se, pursuant to 28 U.S.C. § 2241. Petitioner claims that the Respondent United States Parole Commission ("USPC") has violated his rights by failing to act on a warrant issued in 1999. Petitioner seeks to have the warrant declared invalid, and for a detainer placed on him to be dismissed.

The Petitioner filed a motion for judgment on May 24, 2007. The Respondents thereafter filed a motion to dismiss and/or for summary judgment on June 11, 2007. As the Petitioner is proceeding pro se, a Roseboro order was entered by the Court on June 12, 2007, advising Petitioner of the importance of a dispositive motion and of the need for him to file an adequate response. Petitioner was specifically advised that if he failed to respond adequately, the Respondents' motion may be granted, thereby ending his case. Petitioner filed a reply memorandum on July 3, 2007.



1

These motions are now before the Court for disposition.[1]

## Discussion

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; see Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a pro se litigant to allow the development of a potentially meritorious case; See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990). Here, after careful review and consideration of the exhibits and arguments presented, the undersigned finds and concludes that the Respondents are entitled to summary judgment in this case, and that this Petition should therefore be dismissed.

Petitioner contends that the USPC forfeited its rights and authority over him by delaying having its warrant placed against him as a detainer. The record reflects that the Petitioner was last paroled on February 9, 1999, from concurrent prison terms totaling 18 years for bank robberies and bank larceny. See Respondents' Exhibit 1 (Sentence Computation Record); Respondents' Exhibit 2 (Parole Certificate). These sentences were imposed on September 30, 1985

---

[1]This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(e), D.S.C. The parties have filed motions to dismiss and/or for summary judgment. As these are dispositive motions, this Report and Recommendation is entered for review by the Court.



by the U.S. District Court for the Central District of California. See Respondents' Exhibit 1. According to the sentence computation done by the Bureau of Prisons ("BOP"), Petitioner's full-term expiration date for the remainder of his 18-year term was May 25, 2004. Id. However, on June 30, 1999, Petitioner was charged in a two count indictment in the Northern District of California with armed bank robbery and use of a firearm. See Respondents' Exhibit 7. On July 13, 1999, the USPC issued a parole violator warrant due to Petitioner leaving his district of supervision without permission and for failing to report a change in residence. See Respondents' Exhibit 3 (Warrant Application); Respondents' Exhibit 4 (Warrant). The instructions accompanying the warrant stated that the U.S. Marshal should place the violator warrant as a detainer if the parolee was in the custody of federal or state authorities. See Respondents' Exhibit 5 (Warrant Instructions).

On January 13, 2000, Petitioner's counsel in his new case requested that the USPC grant his client an expedited revocation decision and that his violator term run concurrent with a federal sentence Petitioner was expected to receive for a new bank robbery conviction. See Respondents' Exhibit 6 (Petitioner's counsel letter). While the USPC did not respond to this request, following entry of Petitioner's new sentence on January 18, 2000 by the U.S. District Court for the Northern District of California, it did ask the probation officer in Petitioner's new case for more information. See Respondents' Exhibit 7;[2] Respondents' Exhibit 8. From March 2000 to February 2005, the BOP sent several notices to the USPC about Petitioner's new prison sentence and asking whether the USPC intended to place a detainer against the prisoner for his parole violation. See Respondents' Exhibits 9-11 (Detainer Action Letters). On May 1, 2006, the USPC telefaxed the

---

[2] The Respondents did not include the Petitioner's presentence report which was an attachment to this document in order to protect the confidentiality of the report.

3



Federal Correctional Institution in Coleman, Florida a copy of its violator warrant and asked that the warrant be placed as a detainer against the Petitioner. See Respondents' Exhibit 12.

On May 15, 2007, the USPC issued a supplemental warrant application adding the information about Petitioner's new federal conviction and sentence. See Respondents' Exhibit 13. The USPC also sent an application form to Petitioner's institution (the Federal Transfer Center in Oklahoma City, Oklahoma)[3] so that Petitioner could apply for a disposition record review of the warrant/detainer under 28 C.F.R. § 2.47. See Respondents' Exhibit 14. Following Petitioner's transfer to the prison at Marion, Illinois on May 16, 2007, another dispositional review application was sent to that institution on May 17, 2007. See Respondents' Exhibit 15.

Petitioner contends that the violator warrant issued by the USPC in 1999 expired as of May 25, 2004, the full-term date of his 18-year sentence, and that this sentence has likewise expired. The undersigned disagrees. If the USPC issues a parole violator warrant before the full-term expiration date, the issuance of the warrant preserves the USPC's jurisdiction to revoke the parole after the expiration date. See 28 C.F.R. § 2.44(d)["The issuance of a warrant under this section operates to bar the expiration of the parolee's sentence" and "maintains the USPC's jurisdiction to retake the parolee either before or after the normal expiration date of the sentence and to reach a final decision as to revocation of parole and forfeiture of time pursuant to § 2.52."]; Martin v. Luther, 689 F.2d 109 (7th Cir. 1982); Romano v. U.S. Parole Comm'n, No. 06-4120, 2007 WL 2381035 at *2 (Aug. 22, 2007) ["[A] parole violation warrant may be validly executed after the expiration of the violator's original jail term as long as it has been issued within that term."] (quoting

---

[3]Respondents represent that, by that time, Petitioner was en route to the U.S. Penitentiary in Marion, Illinois as a disciplinary transfer.

4



Cronn v. Buffington, 150 F.3d 538, 543 (5th Cir. 1998)(citing Franklin v. Fenton, 642 F.2d 760, 763 (3d Cir. 1980)); see also Thigpen v. U.S. Parole Comm'n, 707 F.2d 973, 977 (7th Cir. 1983). The USPC has also not violated Petitioner's due process rights by postponing his revocation hearing while he serves a new prison term for a new bank robbery. See Moody v. Daggett, 429 U.S. 78 (1976)[parolee not entitled by due process to a parole revocation hearing until after he completes service of a new prison term and is arrested on the parole violator warrant].

While Respondents concede that the USPC was late in giving Petitioner a dispositional record review on the warrant/detainer under its statute and regulation[4], they argue that Petitioner is not entitled to habeas relief due to this delay because he cannot show prejudice or bad faith. See generally Poynor v. U.S. Parole Comm'n, 878 F.2d 275, 276 (9th Cir. 1989); Heath v. U.S. Parole Comm'n, 788 F.2d 85, 89-90 (2d Cir. 1986)[Absent prejudice or bad faith on the part of the Commissioner, the appropriate remedy is not writ of habeas, but a writ of mandamus to compel compliance with the statute]; Carlton v. Keohane, 691 F.2d 992, 993 (11th Cir. 1982); Gaddy v. Michael, 519 F.2d 669, 673-675 (4th Cir. 1975) [To obtain habeas relief, Petitioner must show constitutional, statutory or regulatory violation by the USPC as well as prejudice suffered due to alleged violation]. Based upon a review of the documents submitted and the record in this case, the undersigned does not find evidence of bad faith on the part of the Commissioner or prejudice to the Petitioner. *Cf.* Poynor, 878 F.2d at 276-277. Therefore, the undersigned does not find that Petitioner is entitled to habeas corpus relief. Gaddy, 519 F.2d at 673-675. Further, since the record reflects that a new dispositional review application was sent to the Petitioner on May 17, 2007; See Respondents' Exhibit 15; it appears the Commissioner is now proceeding with the process for providing Petitioner

---

[4] See 18 U.S.C. § 4214(b); 28 C.F.R. § 2.47(a).

with a dispositional review. Therefore, mandamus relief is not appropriate at this time, even assuming such relief had been requested. Heath, 788 F.2d at 89-90. This Petition should be dismissed.

### **Conclusion**

Based on the foregoing, it is recommended that the Respondents' motion for summary judgment be **granted**, that Petitioner's motion for judgment be **denied,** and that this Petition be **dismissed.**

The parties are referred to the Notice Page attached hereto.

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina

October 26, 2007



**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

