UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| DANIEL MELLINGER, ) | Civil Action No.: 0:06-cv-03441-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v.                                                      ) | **ORDER** |
| ) | |
| MR. BAUKNECHT, Warden; ) | |
| UNITED STATES PAROLE ) | |
| COMMISSION; ) | |
| ) | |
| Respondents.                        ) | |

This matter comes before the court with the Report and Recommendation [Docket Entry #24] of Magistrate Judge Bristow Marchant filed on October 26, 2007.[1]  Pending are Petitioner's [Docket Entry #14] motion for judgment and Respondents' [Docket Entry #15] motion for summary judgment.

### Background

Petitioner, proceeding *pro se*, brought this action pursuant to 28 U.S.C. § 2241 arguing that the United States Parole Commission ("USPC") violated his rights by acting on a parole violator warrant after it allegedly expired.

On September 30, 1985, Petitioner was sentenced to concurrent prison terms totaling 18 years for bank robberies and bank larceny.  On February 9, 1999, Petitioner was paroled. According to the sentence computation done by the Bureau of Prisons ("BOP"), Petitioner's full-term expiration date for the remainder of his 18-year term sentence was May 25, 2004.

On June 30, 1999, while on parole, Petitioner was charged with armed bank robbery

---

[1] This matter was referred to Magistrate Judge Marchant pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Civil Rules 73.02(B)(2)(c) and (e).

and use of a firearm. On July 13, 1999, the USPC issued a parole violator warrant because the Petitioner left his district of supervision without permission and failed to report a change in residence.

Between March 2000 and February 2005, the BOP sent several notices to the USPC regarding whether the USPC intended to place a detainer against the Petitioner for his parole violation. On May 1, 2006, the USPC telefaxed the Federal Correctional Institution in Coleman, Florida requesting that the violator warrant be placed as a detainer against the Petitioner.

Petitioner argues that the 1999 violator warrant expired as of the May 25, 2004, the date his 18-year term sentence was set to expire. Petitioner contends that because the 1999 violator warrant expired before it was placed as a detainer, the detainer is void and should be dismissed.

The Magistrate Judge recommended summary judgment be granted in favor of the Respondents and that Petitioner's motion for judgment be denied. Petitioner filed objections to the Magistrate Judge's Report and Recommendation on November 13, 2007.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a *de novo* determination of those portions of the report and recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28

U.S.C. § 636(b)(1). However, the district court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson*, 687 F.2d 44, 47-48 (4th Cir. 1982).

## Discussion

Petitioner argues that the parole violator warrant should have expired on the date his 18-year term sentence was originally set to end. Petitioner claims that the USPC's failure to act on the parole violator warrant until after its expiration renders the detainer void. The Magistrate Judge stated that if the USPC issues a parole violator warrant before the full-term expiration date, the issuance of the warrant preserves the USPC's jurisdiction to revoke the parole after the original sentence expiration date. *See* 28 C.F.R. § 2.44(d); *Romano v. U.S. Parole Comm'n*, No. 06-4120, 2007 WL 2381035, at *2 (3d Cir. Aug. 22, 2007) (concluding that the issuance of the parole violator warrant served to toll the expiration of Romano's original sentence); *Martin v. Luther*, 689 F.2d 109, 116 (7th Cir. 1982) (noting that under the caselaw, as long as a parole violator warrant was timely issued, subsequent proceedings could take place after the expiration of the parolee's maximum term); *United States v. Chancey*, 695 F.2d 1275, 1277 (11th Cir. 1982).

"[A] parole violation warrant may be validly executed after the expiration of the violator's original jail term so long as it has been issued within that term." *Cronn v. Buffington*, 150 F.3d 538, 543 (5th Cir. 1998). The relevant section of the Code of Federal Regulations states:

> The issuance of a warrant under this section operates to bar

3

> the expiration of the parolee's sentence.  Such warrant
> maintains the Commission's jurisdiction to retake the
> parolee either before or after the normal expiration date of
> the sentence and to reach a final decision as to revocation
> of parole and forfeiture of time pursuant to § 2.52(c).

28 C.F.R. § 2.44(d).  The Magistrate Judge concluded that the USPC did not violate Petitioner's due process rights by postponing his revocation hearing while he served a new prison term for a new bank robbery. *See Moody v. Daggett*, 429 U.S. 78, 89 (1976) (stating that the USPC "has no constitutional duty to provide petitioner an adversary parole hearing until he is taken into custody as a parole violator by execution of the [parole violator] warrant").  The Magistrate Judge also concluded that there was no evidence of bad faith on the part of the USPC or prejudice to the Petitioner.

Petitioner argues in his objections to the Magistrate Judge's Report and Recommendation that the Magistrate Judge incorrectly applied the federal regulations and ignored 28 C.F.R. § 2.46(c).  Section 2.46(c) states:

> If execution of the warrant is delayed pending disposition of
> local charges, for further investigation, or for some other
> purpose, the parolee is to be continued under supervision by
> the probation officer until the normal expiration of the
> sentence, or until the warrant is executed, whichever first
> occurs.  Monthly supervision reports are to be submitted,
> and the parolee must continue to abide by all the conditions
> of release.

Petitioner argues that because the USPC sought more information in connection with his new bank robbery charges, under § 2.46(c) his original prison term should have expired May 25, 2004.

However, Petitioner misinterprets § 2.46(c).  Section 2.46(c) concerns situations in

4

which the parolee is on release and the execution of the warrant is delayed. In such situations, § 2.46(c) provides that the parolee is to continue to be supervised by the probation officer until the normal expiration of his sentence or the warrant is executed, whichever occurs first. Section 2.46(c) also provides that monthly supervision reports are to be submitted and the parolee must continue to adhere to his conditions of release. Section 2.46(c) does not apply to situations where the parolee is in custody as a result of crimes committed while on parole. Such is clear from the requirement that "[m]onthly supervision reports are to be submitted, and the parolee must continue to abide by all the conditions of release." 28 U.S.C. § 2.46(c).

Unlike § 2.46(c) which concerns situations in which the parolee is on release and the execution of the warrant is delayed, § 2.44(d) indicates the <u>effect</u> the issuance of a parole violator warrant has on both the parolee's sentence and the USPC's continuing jurisdiction with regard to the parolee. Interpreting the plain language of the two sections, this court cannot conclude that there is any conflict between § 2.44(d) and § 2.46(c).

Section 2.44(d) clearly states that "[t]he issuance of a warrant under this section operates to bar the expiration of the parolee's sentence." Section 2.44(d) can reasonably be interpreted to toll the expiration of the parolee's original sentence and preserve the USPC's jurisdiction to revoke parole after the normal expiration date so long as the violator warrant was issued before the normal expiration date, despite any application of § 2.46(c). In this case, the USPC issued the violator warrant before the normal expiration date of Petitioner's original sentence. Thus, the expiration of Petitioner's original sentence was barred and the USPC preserved its jurisdiction over Petitioner past the normal expiration date of his original sentence. Therefore, the court cannot conclude that the Petitioner's original sentence should

5

have expired on May 25, 2004.  Accordingly, the Magistrate Judge was correct in his application of § 2.44(d).

Having reviewed the record and applicable law, the court agrees with the recommendation of the Magistrate Judge and finds that the Magistrate Judge correctly applied the law to the facts of this case.

## Conclusion

For the reasons stated above and by the Magistrate Judge, this court overrules Petitioner's objections and adopts the Report and Recommendation of the Magistrate Judge. Accordingly, Petitioner's [Docket Entry #14] motion for judgment is **DENIED** and Respondents' [Docket Entry #15] motion for summary judgment is **GRANTED**.  Petitioner's § 2241 petition is hereby **DISMISSED** with prejudice.

**IT IS SO ORDERED**.


Florence, South Carolina                                      s/ R. Bryan Harwell
November 29, 2007                                             R. Bryan Harwell
                                                              United States District Judge